**In the MATTER OF Charles DONALD and Christi Donald.**

**UNITED STATES of America, Appellant,**

v.

**Charles DONALD and Christi Donald, Appellees.**

**No. 2:93–CV–302PS.**

United States District Court, S.D. Mississippi, Hattiesburg Division.

July 29, 1994.

**580**

Henderson Crockett Lindsey, U.S. Attorney's Office, Biloxi, MS, for appellant.

David L. Lord, Biloxi, MS, for appellees.

## *MEMORANDUM OPINION AND ORDER*

PICKERING, District Judge.

This matter is before the Court on appeal from an order of United States Bankruptcy Judge Edward Gaines confirming a Chapter 13 bankruptcy plan of the appellees. The appeal was perfected on by the United States acting on behalf of the United States Department of Agriculture, Farmers Home Administration (FmHA).

The pertinent facts are as follows. On August 28, 1992, the debtors filed their petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code (11 U.S.C. § 1301, et seq). Chapter 13 provides individuals with regular income an alternative to straight or liquidating bankruptcy. *See* 11 U.S.C. § 109. The Chapter provides for a discharge of debts if an individual files a plan which provides for the payment of all or a portion of scheduled debts, secured and unsecured, from future income over an extended period of time.[1]

If a plan is filed which conforms to the requirements of the Code, the Bankruptcy Court must confirm it. 11 U.S.C. § 1325. If any party objects to the plan, the Court will conduct a hearing prior to confirmation. 11 U.S.C. § 1324.

The debtors herein are indebted to FmHA for their homestead as evidenced by a promissory note and deed of trust. Appellees filed a plan which provided for the payment of the arrearage on their home mortgage by the trustee out of monies received by the trustee under the wage order filed with debtors' employers. The plan provided that current obligations under the mortgage would be paid directly to FmHA by the debtors. FmHA objected to the plan on this basis. Judge Gaines allowed extensive oral argument on July 28, 1993, after consideration of briefs of counsel previously filed, and overruled the objection and confirmed the plan by order dated August 30, 1993.

There are three mandatory requirements of a Chapter 13 plan. The plan shall—

(1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;

(2) provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; and

(3) if the plan classifies claims, provide for the same treatment for each claim within a particular class.

11 U.S.C. § 1322(a). Subsection (b) of § 1322 sets out discretionary provisions that may or may not be included in a Chapter 13 plan. Of importance to this action is paragraph (5) of subsection (b), which provides that a plan may;

---

**1.** Generally, this time period may not exceed three years and in no event may exceed five years. *See* 11 U.S.C. § 1322(c).

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

The United States contends that the confirmation of the debtors' plan over its objection is a violation of this subsection because the plan at issue provides that the arrearage on the FmHA mortgage is to be paid by the trustee while the current principal and interest payments will be paid by the debtors directly to FmHA. FmHA contends that by allowing the debtors to pay the current payments directly, it amounts to a payment "outside the plan" and thus is a "bifurcation" of the payments to it which is prohibited by § 1322(b)(5).

The debtors do not argue that such a "bifurcation" of payments "outside" and "inside" the plan would not pass muster under § 1322(b)(5). Debtors instead contend that the direct payment of their current obligations to FmHA are "provided for" within the plan and are thus not "outside the plan."

The parties agree that there is no factual dispute at issue here, it is a question of law to be resolved. Questions of law are reviewed *de novo* by this Court. 28 U.S.C. § 157(c)(1) and Rule 8013, Federal Rules of Bankruptcy Procedure.

The parties recognize that the resolution of this case depends largely on the interpretation of the preeminent Fifth Circuit case on the subject—*Matter of Foster*, 670 F.2d 478 (5th Cir.1982). The *Foster* Court held that "Chapter 13 permits a debtor to act as disbursing agent," and such "is very much a matter left to the considered discretion of the bankruptcy court." *Id.*, at 486. The Court went on to hold that "a plan cannot provide that the current portion of a mortgage claim will be made 'outside the plan', as that phrase was used by the bankruptcy court, when the arrearages on the mortgage claim are being cured under § 1322(b)(5)." *Id.*, at 488.

FmHA contends that the current mortgage payments confirmed by Judge Gaines were to be paid "outside the plan" merely because they were to be paid directly by the debtors. This fails to recognize the clear holding of *Foster*, as pointed out by Judge Gaines, that debtors may properly pay current obligations directly while arrearages are cured under § 1322(b)(5) by payments to the trustee as long as the secured claim is "provided for in the plan." *See* 11 U.S.C. § 1322(b)(5); and *Foster*, 670 F.2d at 489. The plan at issue herein provided on its face that the current monthly mortgage payments to FmHA would be paid by the debtors "direct." It is clear to this Court that the direct payment of the current mortgage payments by the debtors to FmHA were "properly provided for in the plan."

This Court therefore finds that when a debtor invokes the provisions of § 1322(b)(5) and "provides for the maintenance" of current obligations and for a curing of the arrearages in the plan, the payment of current obligations by the debtor directly to the creditor is not "outside the plan."

This Court notes that the 1986 Amendment to the Bankruptcy Act, 28 U.S.C. 586(e)(2), changed the language providing for fees to be paid to the trustee. After the 1986 Amendment, the law requires a debtor in bankruptcy to pay a ten percent (10%) trustee's fee only on the money actually paid to and disbursed by the trustee. Consequently, one in bankruptcy under Chapter 13 can now avoid this extra ten percent (10%) fee on mortgage payments made "under the Plan" but by the debtor rather than the trustee. This Amendment by its very thrust modified *Foster*. Chapter 13 of the Bankruptcy Act has as its general purpose helping debtors pay their debts without having to go into straight bankruptcy. The interpretation placed upon § 1322(b)(5) and *Foster* by Judge Gaines in his well-reasoned opinion is consistent with the 1986 Amendment and the purpose of Chapter 13.

IT IS THEREFORE ORDERED AND ADJUDGED that the Order confirming the Chapter 13 plan of the Appellees entered by

Judge Gaines on August 30, 1993, is AFFIRMED.

So Ordered and Adjudged.